IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RAYMOND GARCIA CARMONA, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv184 |
| WARDEN, FCI BEAUMONT MEDIUM | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Raymond Garcia Carmona, Jr., an inmate confined in the Federal Correctional Complex in Beaumont, Texas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual and Procedural Background

On October 9, 2009, following a plea of guilty before the United States District Court for the Northern District of Texas, petitioner was convicted of one count of conspiracy to possess with intent to distribute less than 50 kilograms of marijuana and one count of distribution and possession with intent to distribute less than 50 kilograms of marijuana. *United States v. Gonzales*, Criminal Action No. 1:08cr43, ECF No. 194 (N.D. Tex. Oct. 9, 2009). Petitioner was sentenced to a term of sixty months' confinement for each count, to be served consecutively. *Id.* As part of his plea agreement, petitioner agreed to waive his right to appeal or pursue post-conviction relief, including proceedings under 28 U.S.C. § 2241. *Id.*, at ECF No. 183.

Petitioner appealed his conviction and sentence to the Fifth Circuit Court of Appeals. The appellate court dismissed the appeal as frivolous on September 13, 2010. *United States v. Carmona*, 390 F. App'x 425, 2010 WL 3257353 (5th Cir. 2010).

Petitioner later filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion was denied and dismissed on June 7, 2019.

The Petition

Petitioner brings this petition for writ of habeas corpus contending that the sentencing court committed a structural or fundamental error at sentencing by entering an amended judgment reflecting two consecutive sixty-month sentences instead of two concurrent sentences of one-hundred-twenty months as originally ordered.

Analysis

Petitioner claims he is challenging the manner in which his sentence is being executed; however, he attacks the legality of his sentences. Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver*, 211 F.3d at 877. A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion. *Id.* at 877-78. However, there is one exception to this general rule. A prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with the savings clause in § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). In *Reyes-Requena*, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id*. at 904.

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and the burden of coming forward with

evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001). Petitioner has failed to show why relief pursuant to 28 U.S.C. § 2255 is either inadequate or ineffective.

Petitioner's claim does not amount to a claim that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*, nor is it based on a retroactively applicable Supreme Court decision that was foreclosed by circuit law at the time he should have raised the claim at trial. Accordingly, petitioner does not meet the criteria required to support a claim under the savings clause of § 2255.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Relief under § 2255 is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on four separate grounds: The sentence was imposed in violation of the constitution or laws of the United States; the court was without jurisdiction to impose the sentence; the sentence exceeds the statutory maximum sentence; and the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), cert. denied, 112 S.Ct. 2319 (1992).

As petitioner attacks the legality of his conviction and sentence, his petition should be construed as a motion to vacate, set aside or correct sentence. Because petitioner was convicted in the Northern District of Texas, however, this court is without jurisdiction to entertain a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255, and the petition should be dismissed.

Finally, as set forth above, petitioner may not challenge his conviction or sentence under § 2241 because he waived the right to do so as part of a valid plea agreement. Thus, the petition should be dismissed.

Recommendation

The above-styled petition for writ of habeas corpus should be dismissed.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 28th day of June, 2022.

_____
Zack Hawthorn
United States Magistrate Judge